UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Stephanie Potter a/k/a Stephanie Salizar,<br><br>    Plaintiff,<br><br>v.<br><br>GreenSky, LLC, Equifax Information Services, LLC, Trans Union, LLC, Experian Information Solutions, Inc.,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§   Civil Action No. 5:19-cv-00581<br>§<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFFS' COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF, AND FOR MONETARY AND PUNITIVE DAMAGES**

Stephanie Potter ("Plaintiff") files this complaint against GreenSky, LLC, Equifax Information Services, LLC, Trans Union, LLC, Experian Information Solutions, Inc. ("Defendants"), and, in support thereof, states as follows:

**INTRODUCTION**

1. This Complaint alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x; the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code. §§ 392-392.404; the Deceptive Trade Practices Action ("DTPA"), Tex. Bus. & Com. Code §§ 17.41-17.63; and common-law negligence, for inaccurate reporting on Plaintiff's credit report involving a loan procured by fraud.

2. The United States Congress has found abundant evidence that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system. An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers. Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers. There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to

privacy. Congress wrote the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.

3. The FCRA is a consumer protection statute which regulates the activities of credit reporting agencies and furnishers of information to credit reporting agencies, and provides certain rights to consumers affected by use of the collected information about them.

4. Congress designed the FCRA to preserve the consumer's right to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies. Congress stated in the opening section of the FCRA that "[t]here is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

5. Under the FCRA, the term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer.

6. The Texas legislature also enacted the Texas Debt Collection Act, Tex. Fin. Code § 392.000 *et seq.* ("TDCA") to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

7. The case is also brought under the Texas Deceptive Trade Practices Act-Consumer Protection Act ("DTPA"). Tex. Bus. & Com. Code §§ 17.41-17.63. Section 17.44(a) sets forth its underlying purposes and instructs how it should be applied:

> "This subchapter shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection.

8. Plaintiff, by Plaintiff's attorneys, brings this action to challenge the actions of Defendants with regard to inaccurate credit reporting information and attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, which conduct has caused Plaintiff damages.

9. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to another plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

10. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

11. Unless otherwise stated, all the conduct engaged in by each Defendant took place in Texas.

12. Any violations by each Defendant were knowing, willful, and intentional, and each Defendant did not maintain procedures reasonably adapted to avoid any such violation.

13. Unless otherwise indicated, the use of each Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

14. Each Defendant's conduct falls directly within the scope of the aforementioned statutory sections in that Defendants, through their agents, pulled Plaintiff's credit, without Plaintiff's permission. These inquiries were then reported on Plaintiff's Equifax Credit Report harming Plaintiff and violating Plaintiff's rights.

15. As was Plaintiff's right under the FCRA, Plaintiff disputed the information reported and requested that each Defendant remove the inaccurate information from Plaintiff's credit report. Each Defendant illegally ignored Plaintiff's repeated requests, and illegally continued to report that the inaccurate information. The inquiries were illegal and not authorized by Plaintiff.

16. Even after being notified by Plaintiff on multiple occasions that Plaintiff disputed the information, each Defendant failed to follow-up, investigate, and delete the inquiries from Plaintiff's credit report.

17. The negative report therefore affected Plaintiff's ability to obtain adequate housing, employment, and transportation. Specifically, as a result of the invalid report, Plaintiff's

existing credit has been impacted, preventing Plaintiff from being able to obtain new lines of credit based on the negative trade-line. Plaintiff felt helpless, frustrated, and despondent.

18. This action seeks declaratory, compensatory, statutory, and punitive damages, and costs and reasonable attorneys' fees for Plaintiff against Defendants for their negligent, willful, and knowing violations of the FCRA, TCPA, DTPA, and negligence.

## PARTIES

19. At all relevant times, Plaintiff is a natural person who resides in San Antonio, Texas.

20. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3); and Tex. Fin. Code §§ 392.001(1).

21. At all relevant times, Defendant Equifax Information Services, LLC ("Equifax") is a data collection company based in Atlanta, Georgia and transacting business throughout the state of Texas.

22. At all relevant times, Defendant Experian Information Solutions, Inc. (Experian) is a data collection company based in Costa Mesa, CA and transacting business throughout the state of Texas.

23. At all relevant times, Defendant Trans Union, LLC ("Trans Union") is a Delaware limited liability company transacting business throughout the state of Texas.

24. At all relevant times, Defendant GreenSky, LLC ("GreenSky") is a financial technology company based in Atlanta, Georgia, and conducting business throughout the state of Texas. Process of service

25. Plaintiff is informed and believes, and thereon alleges, that Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by Tex. Fin. Code §§ 392.001(5), and is therefore a "debt collector" as that term is defined by Tex. Fin. Code §§ 392.001(6), and, 15 U.S.C. § 1692a(6).

26. This action arises out of a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Tex. Fin. Code §§ 392.001(2).

27. Plaintiff is also informed and believes, and thereon alleges, that Defendant is a "person" as the term is defined by 15 U.S.C. § 1681a(b).

28. Plaintiff is informed and believes, and thereon alleges, that Defendants acquired Plaintiff's credit information through an unauthorized inquiry of Plaintiff's "consumer report" as that term is defined by 15 U.S.C. 1681a(d)(1).

29. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION AND VENUE

30. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681 *et seq.*; 15 U.S.C. § 1692 *et seq.*; and, 28 U.S.C. § 1367 for supplemental state claims.

31. This action arises out of Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x; the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code. §§ 392-392.404; the Deceptive Trade Practices Action ("DTPA"), Tex. Bus. & Com. Code §§ 17.41-17.63; and, negligence.

32. Because each Defendant conducts business within the State of Texas, personal jurisdiction is established.

33. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in San Antonio, Texas which is within this judicial district; (ii) the conduct of each Defendant complained of herein occurred within this judicial district; and, (iii) each Defendant conducted business within this judicial district at all times relevant.

## FACTUAL ALLEGATIONS

34. On or about January 29, 2016, Jose Nieto, a representative from EnvironSun, LLC F/K/A Fort EPC, LLC F/K/A Global Efficient Energy Fort EPC, LLC FKA Global Efficient Energy (Global) visited Potter at her home.

35. The purpose of visit was to sell Global solar panel products to Plaintiff.

36. Jose Nieto represented to Plaintiff that Global's solar panels and related products would reduce Plaintiffs' home energy expenses between 50% to 80%.

37. Jose Nieto presented the offer as a one-time only offer that would expire if not accepted that night, on the spot.

38. On January 29, 2016, in reliance on the representations made by Jose Nieto, Plaintiff contracted with Global for the purchase and installation of all materials and labor in connection with Global's solar panels product on her home.

39. The amount of said contract was $30,900.00, a loan serviced by Greensky.

40. On or about April 28, 2016, Global installed the solar seal, Powermizer Box, solar fans, gaskets, thermal wrap, and air duct seals.

41. The solar panels became operational on or about May 25, 2016.

42. Since the installation of the solar panels, the solar panels have failed to perform as promised.

43. From June of 2016 through November of 2016, the solar panels produced a minimal amount of the home's electricity—only 11.2%.

44. A total production of 11.2% was nowhere close to the 50%-80% range promised by Global.

45. At this performance rate, Plaintiff will pay off the system in approximately 216 years.

46. On or about September 1, 2016, Potter contacted Global and informed Global that the solar panels were not producing energy as promised.

47. On October 31, 2016, nearly two months after sending said letter, Potter received a response from a Global Customer Relations Specialist Margaret Rodriguez.

48. Margaret Rodriguez informed Potter that she was working with Global's legal consult/customer affairs employee to decide what needs to be done to resolve the issue with Plaintiff's solar panels.

49. In the same October 31, 2016 communication, Margaret Rodriguez stated, "I'm one person trying to correct many actions taken by the previous person in my position."

50. After the October 31, 2016, communication, Plaintiff had no further contact with Global.

51. Plaintiff has been unable to locate Global to pursue a claim for damages against Global because Global has subsequently closed and re-open business under a series of operating names.

52.

53. The solar panels in question are "goods" as that term is defined by Tex. Bus. & Com. Code § 17.45(1).

54. Global is a "person" as that term is defined by Tex. Bus. & Com. Code § 17.45(3).

55. Potter is a "consumer" as that term is defined by Tex. Bus. & Com. Code § 17.45(4).

56. The conduct described herein constitutes "unconscionable action or course of action" as that term is defined by Tex. Bus. & Com. Code § 17.45(5).

57. Through the conduct discussed herein Global violated Tex. Bus. & Com. Code § 17.46 by engaging in conduct that is false, misleading, and deceptive.

58. Through this conduct Global violated Tex. Bus. & Com. Code § 17.46(b)(5) by representing that the goods or services had characteristics, uses, and benefits which they did not have.

59. Through this conduct Global violated Tex. Bus. & Com. Code § 17.46(b)(7) by representing that goods or services are of a particular standard, quality, or grade if they are of another.

60. Through this conduct Global violated Tex. Bus. & Com. Code § 17.46(b)(9) by advertising goods or services with intent not to sell them as advertised.

61. Through this conduct Global violated Tex. Bus. & Com. Code § 17.46(b)(12) by representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

62. Through this conduct Global violated Tex. Bus. & Com. Code § 17.46(b)(13) by knowingly making false or misleading statements of fact concerning the need for parts, replacement, or repair service.

63. Through this conduct Global violated Tex. Bus. & Com. Code § 17.46(b)(24) by failing to disclose information concerning goods or services which were known at the time of the transaction thereby inducing Plaintiffs to enter into the agreement knowing that Plaintiffs would not have entered into said agreement had such information been disclosed.

64. Through the use or employment of false, misleading, or deceptive acts and practices by Global, Global breached an express or implied warranty in violation of Tex. Bus. & Com. Code § 17.50(a)(2).

65. Through the use or employment of false, misleading, or deceptive acts and practices by Global, Global engaged in conduct that is an unconscionable action or course of action in violation of Tex. Bus. & Com. Code § 17.50(a)(3).

66. Plaintiffs gave Global notice as required by Tex. Bus. & Com. Code § 17.505(a).

67. Global's conduct as described herein was committed knowingly and intentionally with full knowledge that the solar panels would not result in a 50%-80% reduction in home energy expenses.

68. Global was subsequently investigated by the Texas Attorney General Ken Paxton's Consumer Protective Division and a settled was reached between the parties to bring relief to consumer such as Plaintiff harmed by Global's deceptive trade practice.

69. Through this false, misleading, and deceptive conduct Global caused Plaintiff damages that include, but are not limited to economic damages and damages associated with the mental anguish caused by Global.

70. Because Global knowingly and intentionally engaged in the false, deceptive, and misleading acts described herein, Plaintiff is entitled to treble damages as set forth in Tex. Bus. & Com. Code § 17.50(b)(1).

71. Additionally, Plaintiff is a "consumers" as that term is defined in Tex. Fin. Code § 392.001(1).

72. The contractual amount of $30,900.00 is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

73. Defendant GreenSky holds the credit contract entered into between Plaintiff and Global.

74. Defendant GreenSky is a "debt collector" as that term is defined by Tex. Fin. Code § 392.001(6).

75. GreenSky is a "holder in due course" and subject to all claims and defenses which Potter can assert against Global, the seller of the goods and services obtained. 16 C.F.R. § 433.2.

76. Greensky sends monthly statements to Plaintiff to collect on the loan obtained by Plaintiff in order to fund the purchase and installation of the solar panels at issue.

77. GreenSky, through this conduct, is engaging in "debt collection" as that term is defined by Tex. Fin. Code § 392.001(5).

78. Through this conduct, GreenSky violated Tex. Fin. Code § 392.303(a)(2) by collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer.

79. Through this conduct, GreenSky violated Tex. Fin. Code § 392.304 by misrepresenting the character, extent, or amount of a consumer debt.

80. As a result of GreenSky's conduct, Plaintiffs have suffered actual damages in an amount to be determined at trial.

81. GreenSky reported the account to Defendants Equifax, Experian, and Trans Union.

82. In or around May 2018, Plaintiff submitted a dispute on the GreenSky account information to Defendants Equifax, Experian, and Trans Union.

83. The GreenSky account balance remained on Plaintiff's credit report.

84. Defendants Equifax, Experian, and Trans Union failed to notice GreenSky of the Plaintiff's dispute of the accuracy of information being reported on the account.

85. Defendants Equifax, Experian, and Trans Union failed to investigate and reinvestigate Plaintiff's dispute.

86. On or around January 2019, Plaintiff was denied an application for a credit card due to a "delinquent credit obligation" on her credit report, specifically as reported by Defendant Equifax.

87. This account is the sole negative account on her credit report.

88. 15 U.S.C. § 1681 regulates Credit Reporting Agencies and the information contained in credit reports.

89. Defendant Equifax is a "consumer reporting agency" under 15 U.S.C. § 1681a(f) because Defendant regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

90. Defendant Equifax violated 15 U.S.C. § 1681c(f) in that it received several notifications pursuant to section 1681s-2(a)(3) from Plaintiff that information regarding Plaintiff is disputed and failed to include the disputed information in the report.

91. Defendant violated 15 U.S.C. § 1681e(a) in failing to maintain reasonable procedures to avoid violations of 15 U.S.C. § 1681c.

92. Defendant Equifax violated 15 U.S.C. § 1681e(b) in failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

93. Defendant Equifax violated 15 U.S.C. § 1681i(a)(1) in that after receiving notice of a dispute of the inquiries by Plaintiff, Equifax failed to conduct a reasonable investigation to determine whether the inquiries were inaccurate and subsequently delete said marks.

94. Defendant Equifax violated 15 U.S.C. § 1681i(a)(2) in failing to provide prompt notice of dispute to each of the named co-defendants when Plaintiff disputed the inquiries with Defendant Equifax.

95. Defendant Equifax violated 15 U.S.C. § 1681i(a)(4) in conducting its reinvestigation of the inquiries in and failing to review and consider all relevant information submitted by Plaintiff.

96. Defendant Equifax violated 15 U.S.C. § 1681i(a)(5) in failing to modify and/or delete the inquiries after they were proven inaccurate and unverifiable.

97. Defendant Equifax violated 15 U.S.C. § 1681i(a)(6) and 15 U.S.C. § 1681i(a)(7) when it failed to provide any notice of any reinvestigation of the inquiries to Plaintiff and failed to provide any notice of any description of reinvestigation procedure.

98. Defendant Equifax violated 15 U.S.C. § 1681i(b) for failing to provide Plaintiff with a state of dispute after any reinvestigation that did not resolve the dispute.

99. Defendant Equifax violated 15 U.S.C. § 1681i(c) for failing to clearly note that the inquiries were disputed by Plaintiff.

100. Defendant Equifax violated 15 U.S.C. § 1681i(d) for failing to furnish notification to Plaintiff of deletion of disputed information.

101. Defendants' violations were not just negligent, but willful.

102. Pursuant to 15 U.S.C. 1681, Plaintiff is entitled to actual or statutory damages, attorney's fees, and court costs, as well as punitive damages for willful violations.

103. Additionally, 15 U.S.C. §§ 1692-1692p regulates debt collectors in their efforts to collect debts. Congressional findings and declaration pursuant to 15 U.S.C. § 1692 found that there was "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which contributed to "personal bankruptcies, to marital instability, to the loss of jobs, and to the invasions of individual privacy." Congress also found that existing laws and procedure for redressing these injuries were inadequate to protect consumers.

104. Plaintiff is a "consumer" pursuant to 15 U.S.C. 1692a(3). The alleged debt is a "debt" pursuant to 15 U.S.C. § 1692a(5).

105. Defendants are a "debt collector[s]" pursuant to 15 U.S.C. § 1692a(6).

106. Furthermore, through this conduct, Defendants DIRECTV, IC System, Inc., and Credit One Bank violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse Plaintiff in connection with the collection of the debt.

107. Through this conduct, Defendants DIRECTV, IC System, Inc., and Credit One Bank violated 15 U.S.C § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt.

108. Through this conduct, Defendants DIRECTV, IC System, Inc., and Credit One Bank violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the debt in connection with the collection of Plaintiff's alleged debt.

109. Through this conduct, Defendants also violated 15 U.S.C. § 1691e(8) in communication to the CRAs credit information it knew or should have known was false, including the failure to communicate that the Debt was disputed by Plaintiffs.

110. Through this conduct, Defendants DIRECTV, IC System, Inc., and Credit One Bank violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt.

111. Through this conduct, Defendants DIRECTV, IC System, Inc., and Credit One Bank violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt.

112. Through this conduct, Defendants DIRECTV, IC System, Inc., and Credit One Bank violated 15 U.S.C. § 1692f(1) by attempting to collect an amount (including interest, fees, charges, or expenses incidental to the principal obligation) when such amount is not expressly authorized by the agreement creating the debt or permitted by law.

113. Defendants violated 15 U.S.C § 1692g(a-b) by failing to validate the Debt within the prescribed time or at any time and failing to provide notification required for a disputed debt.

114. Through this conduct, Defendant also violated Tex. Fin. Code § 392.304(19) by using deceptive means to collect a debt.

115. The conduct described herein constitutes "unconscionable action or course of action" as that term is defined by Tex. Bus. & Com. Code § 17.45(5).

116. Through the conduct discussed herein Defendant violated Tex. Bus. & Com. Code § 17.46 by engaging in conduct that is false, misleading, and deceptive.

117. Through the use or employment of false, misleading, or deceptive acts and practices by Defendant, Defendant engaged in conduct that is an unconscionable action or course of action in violation of Tex. Bus. & Com. Code § 17.50(a)(3).

118. Plaintiff did not give notice to Defendant as required by Tex. Bus. & Com. Code § 17.505(a) because the 60 days' written notice is rendered impracticable by reason of the necessity of filing suit in order to prevent the expiration of the statute of limitations pursuant to Tex. Bus. & Com. Code § 17.505(b).

119. As such, all conditions precedent to the filing of this lawsuit have been complied with to the extent that Plaintiff can comply.

120. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendants.

121. Defendant GreenSky, LLC had knowledge and notice of the widespread fraudulent practices of a solar panel company, FORT EPC, LLC f/k/a Global Efficient Energy, and received Plaintiff's disputes on the account, but reported the debt to credit reporting bureaus, failed to report the debt as disputed, and caused Plaintiff denials of credit opportunity and emotional distress.

122. Plaintiff disputed the debt with each Defendant and each failed to follow reasonable procedures, investigate Plaintiff's claims, and delete the fraudulent account and/or remove the account entirely from Plaintiff's credit report.

## CAUSES OF ACTION
### COUNT ONE
### VIOLATION OF THE FCRA
### 15 U.S.C. § 1681
### (AGAINST ALL DEFENDANTS)

123. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully set forth herein.

124. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

125. The FCRA requires credit reporting agencies to follow reasonable procedures to assure "maximum possible accuracy" when preparing consumer reports. 15 U.S.C. § 1681e(b).

126. The FCRA also requires credit reporting agencies to conduct and complete a reasonable investigation to determine whether disputed information is inaccurate. 15 U.S.C. § 1681i(a)(1)(A).

127. The FCRA requires furnishers of information to conduct an investigation of disputed items on receipt of notice of a dispute from a credit reporting agency. 15 U.S.C. 1681s-2(b).

128. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

129. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

## COUNT TWO
## VIOLATION OF THE TDCA
## TEX. FIN. CODE §§ 392-392.404
## (AGAINST GREENSKY, LLC)

130. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully set forth herein.

131. The foregoing acts and omissions constitute numerous and multiple violations of the TDCA.

132. As a result of each and every violation of the TDCA, Plaintiff is entitled to injunctive relief, actual damages, reasonable attorneys' fees and costs pursuant to Tex. Fin. Code § 392.403(b), and no less than $100.00 for each violation of this chapter.

## COUNT THREE
## VIOLATION OF THE DTPA
## (Tex. Bus. & Comm. Code §§ 17.41 – 17.63)
## (AGAINST GREENSKY, LCC)

133. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully set forth herein.

134.    The foregoing acts and omissions constitute numerous and multiple violations of the DTPA.

135.    As a result of each and every violation of the DTPA, Plaintiff is entitled to economic or actual damages, mental anguish damages, and treble economic damages for Defendants' knowing and intentional violation.

## COUNT FOUR
## COMMON-LAW NEGLIGENCE
## (AGAINST DEFENDANT GREENSKY, LLC)

136.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

137.    Plaintiff believes and thereon alleges that Defendants owed various duties to Plaintiff pursuant to the FCRA, TDCA, and DTPA. Specifically, Defendants owed a duty to refrain from reporting inaccurate information about Plaintiff on Plaintiff's credit report despite knowledge that the inquiries in question were being disputed.

138.    Defendants breached Defendants' duties by engaging in the acts described herein each in violation of the FCRA, TDCA, and DTPA.

139.    Plaintiff asserts that Defendants are the actual and legal cause of Plaintiff's injuries.

140.    Plaintiff believes and thereon alleges that as a proximate result of Defendants' negligence, Plaintiff has suffered emotional distress.

141.    Due to the egregious violations alleged herein, Plaintiff asserts that Defendants breached Defendants' duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As such, said conduct establishes Defendants' conscious disregard for Plaintiff's rights and entitles Plaintiff to recover punitive damages from Defendants.

## DEMAND FOR JURY TRIAL

142.    Plaintiff hereby demands trial by jury on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants each be cited to appear and answer herein and upon final hearing hereof, Plaintiff have judgment of and against Defendants as follows:

- An award of actual damages in an amount to be determined at trial;

- An award of statutory damages of not less than $100 and not more than $1,000.00 to Plaintiff, pursuant to 15 U.S.C. § 1681n(a)(1)(A) against Defendants;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2), against Defendants;
- An award of actual damages, in an amount to be determined at trial, pursuant to Tex. Fin. Code § 392.403(a)(2);
- An award of statutory damages for a knowing or willful violation in an amount not less than $100.00 for each violation of this chapter;
- An award of reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403(b) from each Defendants;
- An injunction preliminarily and permanently enjoining Defendants from engaging in the unlawful debt collection practices stated herein;
- An award of economic or actual damages, mental anguish damages, and treble economic damages for each Defendants' knowing an intentional violation discussed herein pursuant to the DTPA;
- An award of punitive damages in an amount to be determined at trial as it pertains to Plaintiff's relevant causes of actions;
- General damages according to proof;
- Special damages according to proof;
- Loss of earnings according to proof;
- Costs of suit incurred herein; and,
- Any and all other relief the Court deems just and proper.

Dated: May 30, 2019						Respectfully submitted,

								By: /s/ Ramona Ladwig
								Ramona Ladwig
								State Bar No. 24092659
								**HYDE & SWIGART**
								1910 Pacific Ave, Suite 14155
								Dallas, TX 75201
								Phone: (214) 880-6362
								Fax: (800) 635-6425
								Email: ramona@westcoastlitigation.com

								*Attorney for Plaintiff*
								*Stephanie Potter*