IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| STEPHANIE POTTER aka STEPHANIE SALIZAR,<br><br>    Plaintiff,<br><br>v.<br><br>GREENSKY, LLC, EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    Defendants. | § § § § § § § § § § § § § § | CASE NO. 5:19-cv-00581-OLG |

**DEFENDANT TRANS UNION LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT**

COMES NOW, Defendant Trans Union LLC ("Trans Union"), pursuant to Federal Rule of Civil Procedure 12(b)(6) and hereby files this Motion to Dismiss Plaintiff's First Amended Complaint and Memorandum in Support, and would respectfully show the Court as follows:

**I. SUMMARY**

Plaintiff Stephanie Potter ("Plaintiff") alleges that Trans Union violated §§ 1681e(b) and 1681i of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), in its handling of her credit file. Plaintiff's FCRA claims against Trans Union are based on Plaintiff's dissatisfaction with the performance of solar panels Plaintiff financed with Defendant GreenSky, LLC ("GreenSky"). In June 2018, Plaintiff submitted a dispute with Trans Union claiming that the GreenSky account was reporting inaccurately on her Trans Union credit file "due to a lawsuit" Plaintiff filed related to the allegedly underperforming solar panels.

Plaintiff's FCRA claims against Trans Union should be dismissed because the existence of a factual inaccuracy is a threshold element that Plaintiff has failed to allege. Instead,

1

Plaintiff's claims against Trans Union amount to a collateral attack against the legal validity of the GreenSky debt – which is not the proper basis of claims under the FCRA.

Further, Plaintiff's vague and conclusory allegations do not satisfy the pleading standard under Rule 12(b)(6). Plaintiff has not plead that Trans Union provided an inaccurate credit report to any third party or that Trans Union failed to maintain or follow reasonable procedures. Plaintiff also failed to plead any facts in support of her claim for damages or that any damages alleged were caused by Trans Union. Finally, Plaintiff has failed to allege any facts supporting her claim that Trans Union's alleged violations of the FCRA were willful.

## II.   FACTUAL BACKGROUND

Plaintiff alleges that she purchased solar panel products from Global Efficient Energy ("Global") for $30,900. Dkt. 26, ¶¶ 38-39. Plaintiff contends that the solar panel products failed to perform as promised resulting in a dispute with Global. Dkt. 1, ¶¶ 41-51. In September 2017, Plaintiff began receiving collection letters from Defendant GreenSky, LLC ("GreenSky") related to her account with Global. Dkt. 26, ¶ 61. Plaintiff submitted correspondence to Trans Union alleging the GreenSky account on her credit file was inaccurate "due to a lawsuit we filed against [the seller] and it's now in Arbitration." Exhibit A-1; Dkt. 1, ¶ 82. Plaintiff alleges that Trans Union failed to comply with the provisions of the FCRA in its reporting of the GreenSky account, and its reinvestigation of Plaintiff's dispute. Dkt. 26, ¶¶ 89, 96-119.

## III.   APPLICABLE LEGAL STANDARD

### A.   The Complaint Must State a Claim Upon Which Relief Can be Granted

A court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint clearly demonstrates that the plaintiff cannot prove any set of facts that would entitle it to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Power Entm't, Inc. v. Nat'l Football League Prop, Inc.*, 151 F.3d 247, 249 (5th Cir. 1998). "The issue is not

whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  Federal Rules require the plaintiff to articulate facts, when accepted as true, that show that the plaintiff has stated a claim entitling her to relief, i.e., the plausibility of entitlement to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 557 (2007).

To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557).  A plausible claim for relief is one where the claimant pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  Such a claim "asks for more than a sheer possibility that a defendant has acted unlawfully," and requires more than the assertion of facts "that are 'merely consistent' with a defendant's liability."  *Id.*

When considering a motion to dismiss for failure to state a claim, courts should accept all well-pled facts in the complaint as true and draw all inferences in the plaintiff's favor.  *Id.*  However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal quotation omitted); *Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir. 2003).  Rather, to avoid dismissal, a "plaintiff must plead specific facts, not merely conclusory allegations . . .".  *Carter v. Diamond URS Huntsville, LLC*, 175 F. Supp. 3d 711, 731 (S.D. Tex. 2016); *Aztec Oil & Gas, Inc. v. Fisher*, 152 F. Supp. 3d 832, 839 (S.D. Tex. 2016).  In other words, a plaintiff must plead a "plausible claim for relief" – one where the claim affirmatively shows "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

### B. The Court May Consider Documents Outside the Complaint

In addition to the pleadings, the court can consider any documents attached to the complaint as exhibits or incorporated into the complaint by reference. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). In deciding a motion to dismiss, the court may also consider any documents "that are referred to in the plaintiff's complaint" and which are "central" to its claims. *Scanlan v. Texas A&M University*, 343 F.3d 533, 536 (5th Cir. 2003). Courts may also rely on public records when deciding a motion to dismiss. *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008); *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

Plaintiff's Complaint expressly references and relies on her dispute correspondence to Trans Union. Dkt. 26 at ¶ 82. Plaintiff's dispute correspondence is not just "central" to her claims, it is the foundation of her FCRA claims against Trans Union. Accordingly, the court may freely consider Plaintiff's dispute correspondence attached herein as Exhibit A-1, without converting Trans Union's Motion to Dismiss to a motion for summary judgment. *Sifuentes-Barraza v. Garcia*, 252 F. Supp. 2d 354 (W.D. Tex. 2003) (citing *Lovelace*, 78 F.3d at 1017-18); *see also In Re Parkway Sales and Leasing, Inc.*, 411 B.R. 337 (E.D. Tex. 2009).

### IV.   ARGUMENTS AND AUTHORITIES

#### A. Plaintiff has Failed to Plead a Claim under § 1681e(b)

##### 1. Plaintiff Must Plead a Factual Inaccuracy to State a Claim

Plaintiff has asserted claims against Trans Union under 15 U.S.C. §§ 1681e and 1681i of the FCRA. Dkt. 26, ¶¶ 96-119. The existence of a factual inaccuracy is an essential element of Plaintiff's FCRA claims. *See Elliot v. TRW, Inc.,* 889 F.Supp. 960, 962 (N.D. Tex. 1995) ("The offensive information in the credit report must be shown to be inaccurate, prior to an inquiry into the reasonableness of the reporting procedures"); *see also Washington v. CSC Credit Services,*

*Inc.*, 199 F.3d 263, 267 n.3 (5th Cir. 2000) ("In order to make out a prima facie violation under § 1681e(b) a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information."); s*ee also Kuehling v. Trans Union, LLC*, 137 F. App'x. 904, 908 (7th Cir. 2005) ("Without evidence of some inaccuracy in the Trans Union report or reinvestigation, Kuehling cannot establish that Trans Union violated the FCRA – either § 1681e(b) or § 1681i(a)(1)(A)").

Section 1681e(b) requires Plaintiff to plead and prove that: (1) inaccurate information was included in her consumer report, (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure the maximum possible accuracy of his consumer report, (3) plaintiff suffered damages, and (4) plaintiff's damages were caused by defendant's failure to follow reasonable procedures to assure maximum possible accuracy. *Washington v. CSC Credit Services, Inc.*, 199 F.3d 263, 267 n.3 (5th Cir. 2000); *Toliver v. Experian Information Solutions, Inc.*, 973 F.Supp.2d 707, 715 (S.D. Tex. 2013) ("In order to establish a prima facie case under § 1681e(b), a consumer must produce some evidence of an inaccuracy in her credit report.").

### 2. Plaintiff's Dispute is an Improper Collateral Attack on the Underlying Debt and not a Dispute of a Factual Inaccuracy

It is well recognized that a consumer's dispute of the legal validity of a credit item is not a dispute of the factual accuracy of information appearing on a consumer's credit file and does not constitute a claim under the FCRA. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (finding that § 1681i claims for failure to reinvestigate "are not the proper vehicle for collaterally attacking the legal validity of consumer debts"); *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67-68 (1st Cir. 2008) (affirming summary judgment for Trans Union because the plaintiff's true claim—that he did not owe money on a mortgage because it was fraudulent—"could [not] have been resolved by a reasonable reinvestigation conducted by

[Trans Union]")[1]; *Berkery v. Equifax Info. Servs. LLC,* 2019 WL 1958567 (E.D. Penn. May 2, 2019) (motion to dismiss FCRA claims was granted because Plaintiff's dispute was a legal issue rather than a factual inaccuracy); *Thomas v. Equifax Info. Services, LLC,* 2019 WL 948996 (D. Col. February 27, 2019) (motion to dismiss granted where Plaintiff's FCRA claims were based on a legal challenge to the validity of the underlying debt); *Okocha v. Trans Union LLC*, 08-CV-3107, 2011 WL 2837594 (E.D.N.Y. Mar. 31, 2011) (finding that whether plaintiff had a legal obligation to pay a debt when plaintiff claimed he did not agree to the terms of the agreement turned on questions of law that the defendant CRAs could not have possibly resolved through a reinvestigation); *Jianqing Wu v. Trans Union*, No. AW-03-1290, 2006 WL 4729755 (D. Md. May 2, 2006) (finding that CRAs are not required to mediate disputes between creditors and their clients).

In this instance, Plaintiff does not dispute that the underlying debt in collections with GreenSky was incurred. Dkt. 26, ¶¶ 38-39 and 61. Rather, she contends that the reporting of the GreenSky account by Trans Union was inaccurate because of the lawsuit and arbitration involving Plaintiff and the seller of the solar panels. As clearly set forth by Plaintiff's dispute correspondence to Trans Union, Plaintiff does not contend a factual inaccuracy exists, but that the account should not be reported on her Trans Union credit file due to a legal dispute regarding the validity of the debt and the performance of the solar panels:

> This item is inaccurate due to a lawsuit we filed against Global Efficient Energy ( Global) and it's now in Arbitration. I advised Regions bank / GS Loan SVC ( GreenSky) on the issues we were having with Global and our Lawyer Ramona Ladwig sent GreenSky a letter advising them not to report debt to creditors. Please have this information removed. With this letter I am sending a copy of the Arbitration forms. Thank you.

---

[1] Trans Union has cited some cases involving motions for summary judgment and although different standards apply to a motion to dismiss, Trans Union believes the legal principles relied upon in those cases support arguments beyond the context of a motion for summary judgment.

3954240.1

Exhibit A-1; Dkt. 1, ¶¶ 33-51.

The allegations brought by Plaintiff fail to raise a factual inaccuracy as required by the FCRA. Instead, Plaintiff's dispute would require Trans Union to resolve the legal dispute raised by Plaintiff's collateral attack on the underlying debt. As the Ninth Circuit explained, "credit reporting agencies are not tribunals. They simply collect and report information furnished by others." *Carvalho*, 629 F.3d at 891. In affirming the lower court's granting of summary judgment in favor of the defendant consumer reporting agencies, the *Carvalho* court held that the plaintiff's dispute, " 'is a question for a court to resolve in a suit against the [creditor], not a job imposed upon consumer reporting agencies by the FCRA.' " *Id.* at 892, citing *DeAndrade*, 523 F.3d at 68; *see also Toliver v. Experian Info. Solutions, Inc.,* 973 F.Supp.2d 707, 730 (S.D. Tex. 2013); *Wright v. Experian Info. Solutions, Inc.*, 805 F.3d 1232, 1242 (10th Cir. 2015) ("A reasonable reinvestigation, however, does not require CRAs to resolve legal disputes about the validity of the underlying debts they report").

The claims against Trans Union in Plaintiff's First Amended Complaint should be dismissed in their entirety. Plaintiff has failed to allege a factual inaccuracy and instead has brought a collateral attack against the validity of debt that cannot be the basis for a cause of action against Trans Union under the FCRA.

### 3. Plaintiff Failed to Sufficiently Allege that Trans Union did not Follow Reasonable Procedures

The FCRA is not a strict liability statute; in addition to bearing the burden to allege an inaccuracy, Plaintiff is required to sufficiently allege that Trans Union's policies and procedures were unreasonable, or that they were not followed, to support her § 1681e(b) claim. *Kennedy v. Chase Manhattan Bank USA, N.A.,* 396 F.3d 833, 843 (5th Cir. 2004) (Plaintiff's claim that credit reporting agencies failed to adopt or follow reasonable procedures was properly dismissed

because Plaintiff did not provide any specific factual allegations to specify how section 1681e(b) was violated); s*ee also Twombly*, 550 U.S. at 555.  Plaintiff's First Amended Complaint is void of any details about any aspect of even one of Trans Union's policies or procedures.  Plaintiff has not identified any particular policy or procedure, provided any details as to why they are not reasonable, or how Trans Union allegedly failed to follow any of its policies or procedures.  Instead, Plaintiff's Complaint merely provides a formulaic recitation of the second element of § 1681e(b), *i.e.*, that Trans Union failed to maintain reasonable procedures.  Dkt. 26, ¶ 107.  By pleading this particular element of §1681e(b) without any factual support, Plaintiff has failed to properly state a claim thereunder.

### 4. Plaintiff Failed to Allege an Inaccurate Credit Report was Provided to a Third Party

Plaintiff does not allege that Trans Union provided any third party with an inaccurate credit report.  This is a critical failure because only the provision of a credit report to a third party can give rise to liability under § 1681e(b).  Plaintiff is required to plead facts demonstrating that Trans Union provided a credit report to a third party containing an inaccuracy, to whom the report was provided, and when that occurred.  *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Morris v. Trans Union LLC*, 420 F. Supp. 2d 733, 750 (S.D. Tex. 2006). "Absent an inaccuracy in a credit report that was provided to a third party, no damages proximately caused by an FCRA violation would result." *Id*.  As a result, Plaintiff's § 1681e(b) claim is inadequately pleaded and should be dismissed.

### 5. Plaintiff Failed to Sufficiently Allege that She Suffered any Damages or That any Such Damages were Caused by Trans Union

Plaintiff has failed to plead facts sufficient to demonstrate she suffered any damages that were caused by Trans Union.  Without properly pled damages and causation, Plaintiff's FCRA claims fail.  *See Cousin v. Trans Union Corp.*, 246 F.3d 359, 370-71 (5th Cir. 2001); *see Morris,*

420 F. Supp. 2d at 750.  Boilerplate allegations fail to adequately set forth facts necessary to support a claim for damages.  *See Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) ("Factual allegations must be enough to raise a right to relief above the speculative level . . .") (*quoting Twombly*, 550 U.S. at 555); *see also, Novak v. Experian Info. Solutions, Inc.*, 782 F. Supp. 2d 617, 623 (N.D. Ill. 2011) (plaintiff failed to satisfy pleading requirement where he did not allege he suffered actual damages such as a specific credit denial or was subject to a higher interest rate).  Actual loss or damage is a necessary component of a claim for negligence under the FCRA.  *Hyde v. Hibernia Nat'l Bank*, 861 F.2d 446, 448 (5th Cir. 1988).

Here, Plaintiff has vaguely asserted that she suffered "severe emotional distress" and "was denied an application for a credit card."  Dkt. 26, ¶¶ 92-93.  Plaintiff's damage allegations epitomize bare-boned, boilerplate pleadings.  In addition to a complete lack of specificity as to the damages allegedly suffered, Plaintiff's First Amended Complaint also fails to meet the necessary threshold of alleging that any damages were *caused* by Trans Union's alleged violations of the FCRA.  *See Cousin*, 246 F.3d at 370-71.  Plaintiff's failure to plead facts in support of her damages, or how Trans Union caused her damages, provides this Court with sufficient reason to grant Trans Union's Motion to Dismiss.

### B. Plaintiff Failed to Sufficiently State a Claim for Relief Under §1681i

Plaintiffs' § 1681i claim fails for the same reasons stated in Sections IV.A.2 (failure to plead inaccuracy) and IV.A.5 (failure to plead damages) above—the failure to adequately plead an inaccuracy and that they suffered damages.  Section 1681i requires Plaintiff to plead that: (1) her consumer file contains inaccurate or incomplete information; (2) Plaintiff notified Trans Union of the alleged inaccuracy; (3) the dispute is not frivolous or irrelevant; (4) Trans Union failed to respond or conduct a reasonable reinvestigation of the disputed items; and (5) Plaintiff

sustained damages that were caused by Trans Union. *Carvalho*, 629 F.3d at 891; *Shaunfield v. Experian Information Solutions, Inc.*, 991 F.Supp.2d 786, 794-796 (N.D. Tex. 2014); *Steed*, 2016 WL 7888040, at *11; *Thomas*, 197 F. Supp. 2d at 1236. As a result, Plaintiff's § 1681i should be dismissed.

### C. Plaintiff's Willfulness Claims Should be Dismissed

Plaintiff alleges Trans Union engaged in willful violations of the FCRA. Dkt. 26, ¶ 118. However, Plaintiff's Complaint includes only conclusory allegations of willfulness, at best. Willfulness claims may be dismissed through a 12(b)(6) motion. *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1282-83 (11th Cir. 2017). "Willfully" means either knowingly or with reckless disregard. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 58-59 (2007). In order to adequately plead willfulness, Plaintiff must allege (1) Trans Union had a practice or policy that was objectively unreasonable in light of the FCRA's statutory language; and (2) allege how Trans Union ran a risk of violating the FCRA that was substantially greater than the risk associated with a reading that was merely careless. *Id.* Plaintiff has unequivocally failed to do both.

Plaintiff must allege, at a minimum, that Trans Union acted in a manner that made it highly probable that harm would follow. *Id.* at 69. A CRA's interpretation of its obligations under the FCRA can be erroneous and not be considered willful. *Id.* at 69-70. "An interpretation that favors the agency must be 'objectively unreasonable' under either the text of the Act or 'guidance from the court of appeals or Federal Trade Commission that might have warned [the agency] away from the view it took.'" *Vanaman v. Nationstar Mortgage LLC*, No. 2:15-cv-00906, 2017 WL 1097189, at *3 (D. Nev. Mar. 22, 2017) (citing *Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314, 1318 (11th Cir. 2009)).

Further, neither the failure to correct alleged errors after receiving notification of an alleged inaccuracy in a consumer's file, nor the mere existence of inaccuracies in a consumer's

report alone can amount to willful noncompliance with the FCRA. *See Barrepski v. Capital One Bank (U.S.A.) N.A.*, No. 11-30160-NMG, 2014 WL 9355983, at *12 (D. Mass. Jan. 24, 2014); *Hill v. Equifax Info. Servs., LLC*, 974 F. Supp. 2d 865, 869 (M.D.N.C. 2013); *Valvo v. Trans Union LLC*, No. 04-70S, 2005 WL 3618272, at *8 (D.R.I. Oct. 27, 2005); *Johnson v. Equifax, Inc.*, 510 F. Supp. 2d 638, 648 (S.D. Ala. 2007) (citation omitted). Nor is a CRA's failure to identify inaccurate information after receiving a dispute enough to establish a willful violation of the FCRA. *Robertson v. Experian Info. Solutions*, No. 1:CV-09-0850, 2010 WL 1643579, at *5 (M.D. Pa. Apr. 22, 2010).

Here, Plaintiff has not alleged or asserted either required element of her willfulness claims. Specifically, Plaintiff has failed to sufficiently plead that Trans Union had a practice or policy that was objectively unreasonable in light of the FCRA's statutory language. Plaintiff has also failed to allege how Trans Union ran a risk of violating the FCRA that was substantially greater than the risk associated with a reading that was merely careless. By making merely conclusory allegations of willfulness, Plaintiff has not met her burden to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . .". *Twombly*, 550 U.S. at 544. Accordingly, Plaintiff's conclusory allegations of willfulness are insufficient and should be dismissed.

## V.   **CONCLUSION**

For the foregoing reasons, Trans Union respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice in its entirety. Any attempt at amendment would be futile.

Respectfully submitted,

*/s/ Michael Merar*

**MICHAEL MERAR**
mmerar@qslwm.com
State Bar No. 24103878
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
(214) 560-5440
(214) 871-2111 Fax
*Counsel for Trans Union LLC*

12

3954240.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of September 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ramona Veronica Ladwig
ramona@westcoastlitigation.com
Hyde and Swigart
1910 Pacific Ave, Suite 14155
Dallas, TX 75201
(214) 880-6362
(800) 635-6425 Fax
***Counsel for Plaintiff***

Forrest Mathew Seger, III
Teo.seger@clarkhillstrasburger.com
Clark Hill Strasburger
2301 Broadway
San Antonio, TX 78512
(210) 250-6000
(210) 250-6100 Fax
and
Katherine McFarland Stein
kstein@kslaw.com
King and Spalding LLP
500 W 2nd St, Suite 1800
Austin, TS 78701
(512) 457-2020
***Counsel for Equifax Information Services, LLC***

Sean W. Fleming
sfleming@macdonalddeving.com
Macdonald Devin
3800 Renaissance Tower
1201 Elm St
Dallas, TX 75270
(214) 744-3300
(214) 747-0942 Fax
***Counsel for GreenSky, LLC***

Rebecca Wernicke Anthony
ranthony@jonesday.com
Jones Day
2727 N Harwood St
Dallas, TX 75201
(214) 969-4886
***Counsel for Experian Information Solutions, Inc.***

*/s/ Michael Merar*
**MICHAEL MERAR**