**UNITED STATED DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| Stephanie Potter a/k/a Stephanie Salizar, | § § § | |
| *Plaintiff,* | § | Case No. 5:19-CV-00581-OLG |
| v. | § § | |
| GreenSky, LLC, et al., | § § | |
| *Defendants.* | § § | |

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT TRANS UNION, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

---

## TABLE OF CONTENTS

**PAGE NO.**

I.     INTRODUCTION ................................................................................1

II.     CONCISE STATEMENT OF REASON FOR OPPOSITION TO THE MOTION ...2

III.    PLAINTIFF'S ALLEGATIONS STATED IN THE COMPLAINT ...........................2

IV.    ARGUMENT ......................................................................................3

       A.    MOTIONS TO DISMISS ARE GENERALLY DISFAVORED ...................3

       B.    PLAINTIFF'S FCRA CLAIMS ARE SUFFICIENT PURSUANT TO 15 U.S.C. § 1681E(B) BECAUSE THE CREDIT REPORTING THAT PLAINTIFF HAS A GREENSKY ACCOUNT IS FACTUALLY INACCURATE ................................................5

       C.    THE ALLEGATIONS SUPPORT THAT DEFENDANT CONDUCTED NO INVESTIGATION INTO WHETHER THE INFORMATION REPORTED WAS INACCURATE AND UNVERIFIABLE UNDER § 1681I OF THE FCRA BECAUSE OF AN UNREASONABLE REINVESTIGATION POLICY .........................................9

V.     CONCLUSION ..................................................................................13

# TABLE OF AUTHORITIES

## CASES

*Baker v Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) ........................................................ 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) .................................................. 4

*Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) ................... 7

*DeAndrade v. Trans Union LLC*, 523 F.3d 61 (1st Cir. 2008) ...................................... 7

*Isquith ex rel. Isquith v Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988) ................. 4

*Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002) ...................................................... 12

*Pinner v. Schmidt*, 805 F.2d 1258, 1262 (5th Cir. 1986) ............................................ 9

*Safeco v. Burr*, 551 U.S. 47 (2007) .............................................................................. 5

*Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895(5th Cir. 1998) ................... 5, 8

*Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981) .................................................. 3

*Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) ............................................. 4

*Swierkiewicz v. Sorema* N.A., 534 U.S. 506 (2002) ................................................ 9, 12

*Waggoner v. Trans Union LLC*, Case No. 302CV1494G, 2003 WL 22220668 at •6 (N.D. Tex.

    July 17, 2003)............................................................................................................. 5

*Washington v. CSC Credit Services, Inc.*, 199 F.3d 263, 267 n.3 (5th Cir. 2000)......................... 5

*Williams v. Credit Protection Ass'n Trans Union, LLC*, Case No. 09-CV-1146, 2009 WL

    3719407 (N.D. Tex. Nov. 3, 2009) .......................................................................... 11

## STATUTES

Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*............................................. passim

# RULES

Fed. R. Civ. P. 12(b)(6).................................................................................. 1, 3, 8

Fed. R. Civ. P. 12(d) ........................................................................................ 4

Fed. R. Civ. P. 8(a) ..................................................................................... 2, 12

Rule 15(a) of the Federal Rules of Civil Procedure,................................................. 13

Plaintiff Stephanie Potter ("Plaintiff" or "Potter") submits this Response in Opposition to Defendant Trans Union, LLC's ("Trans Union" or "Defendant") Motion to Dismiss Plaintiff's First Amended Complaint. Trans Union's attack on the sufficiency of the allegations of Plaintiff's First Amended Complaint is misguided, and Plaintiff requests the Court deny Defendant's Motion to Dismiss in its entirety.

## I.      INTRODUCTION

Plaintiff alleges in her First Amended Complaint ("Complaint") (Doc. 26) that Defendant Trans Union violated of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by failing to report Plaintiff's credit with maximum possible accuracy and failing to reasonably investigate Plaintiff's dispute of a May 2018 charge-off in the amount of $38,417.00 on an installment loan (the "Account"), reported by Defendant GreenSky, LLC, the furnisher of the credit information. Trans Union's conduct has tremendously depressed Plaintiff's credit and has greatly affected her ability to obtain credit.

Trans Union's Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure argues that Plaintiff's allegations are not specific enough. As to Plaintiff's FCRA claims under section 1681e(b), for failure to report with maximum possible accuracy, Trans Union argues that Plaintiff fails to allege "the existence of a factual inaccuracy" and Plaintiff did not allege damages. Mot. to Dismiss, Doc. 28, at 1. Specifically, Defendant argues that Plaintiff does not dispute that she is liable for the Account and therefore cannot support a factual inaccuracy. On similar grounds, Defendant argues that Potter has not alleged sufficient facts to support her claim under section 1681i, for failure to investigate disputed information. *Id.* at 9. Defendant further argues that Plaintiff's willfulness claims should be dismissed because the allegations are conclusory. *Id.* at 10.

## II.      CONCISE STATEMENT OF REASON FOR OPPOSITION TO THE MOTION

Plaintiff will argue in this Opposition to Defendant's Motion that the Court should deny Trans Union's Motion because Plaintiff in fact disputes that she is liable for the Account. In alleging that the Account was opened without her knowledge, permission and authorization, Plaintiff has alleged facts to support that the existence of the Account is the factual inaccuracy. In arguing for dismissal, Trans Union blatantly misrepresents this important allegation of the Complaint. The allegations further support that the reporting that Account was not in dispute status since inception is also a second factual inaccuracy.

The degree of specificity Trans Union would require is a misguided attempt to heighten the pleading standard under Rule 8(a). Fed. R. Civ. P. 8(a). In providing more than a short and plain statement of the circumstances and sufficient information to support or give rise to the reasonable inferences supporting each element of Plaintiff's claims against Trans Union, Plaintiff exceeds the pleadings standard under Rule 8(a). The Court should thus deny Defendant's Motion.

## III.     PLAINTIFF'S ALLEGATIONS STATED IN THE COMPLAINT

Plaintiff stated that she was the victim of a fraudulent business scheme involving the sale of nonperforming solar panels from a scam business. Complaint ("Compl.") ¶¶ 30-60, Doc. 26. The Complaint alleges that Plaintiff signed *no* contract with any party originating a loan, no document that included any loan terms, such as interest rate, amounts and/or payments due, schedule of payments, and payment dates. Comp. ¶ 62. Plaintiff alleges that she was unaware a credit account was opened under her name with GreenSky and that it was opened without her knowledge, permission, and authorization, which was part of a fraudulent scheme to originate loans under the pretext of the sale of solar panels. Compl. ¶ 67.

Plaintiff alleges that on September 18, 2017, she submitted disputes to GreenSky disputing that she owed any money on any account with GreenSky. Compl. ¶ 73. In or around May 2018, GreenSky then reported an unauthorized, interest-bearing account with a charge-off of $38,417.00 on Plaintiff's credit to Trans Union. Compl. ¶ 77. The Complaint further alleges that as a result of the Account, she has experienced increased interest rates, higher monthly payments on her current credit cards, and has delayed further use of her credit pending resolution of the Account. The Account reported by GreenSky is the sole negative account on Plaintiff's credit report. Compl. ¶¶ 90-91. Specifically, on or around January 2019, Plaintiff was denied an application for a credit card due to a "delinquent credit obligation" on her credit report. Compl. ¶ 93. This financially damaging experience from the negative credit reporting based on just one sales call to her home has caused Plaintiff severe emotional distress, sleeplessness, depression, headaches, migraines, and stress. Compl. ¶ 94. The long ordeal that has been hanging over her for over a year has left Plaintiff generally unable to fully cope with her day-to-day life. *Id.*

## IV.   ARGUMENT

### A.  Motions to Dismiss Are Generally Disfavored

Rule 12(b)(6) motions to dismiss for failure to state a claim are generally disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). A claim only needs to articulate enough facts to be plausible on its face to state a claim for relief and survive a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Therefore, "…a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Further stated in *Ashcroft*, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Where the

allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

While a court may consider documents outside a pleading if they fall within certain limited categories of documents incorporated by reference, documents in which a court may take judicial notice, or documents referenced in a complaint, the standard prohibits a court from looking beyond the face of the pleadings. *Baker v Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Once articulated, the court must accept the allegations of the complaint as true and view the allegations of the complaint in the light most favorable to plaintiff. *Baker*, 75 F.3d at 196. When a defendant presents matters "outside the pleadings" with a Rule 12(b)(6) motion, the Court has discretion to either accept or exclude the evidence to determine the motion. *Isquith ex rel. Isquith v Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988). If matters outside the pleading are accepted, the motion must be converted to a motion for summary judgment under Rule 56 and all parties must be given a "reasonable opportunity" to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

In this case, Trans Union has omitted the most pertinent allegations of Plaintiff's Complaint that Plaintiff did *not* authorize the opening of the Account. Defendant has further introduced and relied on extensive factual allegations outside of the pleading regarding the history and nature of Plaintiff's dispute, which is immaterial to the elements of the claims alleged. But even Potter's non-pleaded facts introduced by Trans Union support a violation of the FCRA under sections 1681e(b) and 1681i because they support that the Account is inaccurate and that Plaintiff several times disputed the inaccuracy with both GreenSky and Trans Union.

**B. Plaintiff's FCRA Claims Are Sufficient Pursuant to 15 U.S.C. § 1681e(b) Because the Credit Reporting that Plaintiff Has a GreenSky Account Is Factually Inaccurate**

The purpose of the FCRA is to promote fair and accurate credit reporting. *Safeco v. Burr*, 551 U.S. 47 (2007). To state a claim under section 1681e(b) of the FCRA for failure to report with maximum accuracy, a party must allege: (1) inaccurate information was included in their credit report, (2) the inaccuracy was due to the defendant's failure to follow reasonable procedures to assure maximum possible accuracy, (3) the plaintiff suffered damages, and (4) plaintiff's damages were caused by the defendant's failure to follow reasonable procedures to assure maximum possible accuracy. *Washington v. CSC Credit Services, Inc.*, 199 F.3d 263, 267 n.3 (5th Cir. 2000).

To recover for violations of section 1681e(b) of the FCRA, a plaintiff must demonstrate an inaccuracy in her credit report that resulted from the agency's negligent or willful failure to use reasonable procedures when the report was prepared. *Waggoner v. Trans Union LLC*, Case No. 302CV1494G, 2003 WL 22220668 at •6 (N.D. Tex. July 17, 2003). A credit entry is inaccurate within the meaning of § 1681e(b) of the FCRA because it is either "patently incorrect or misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895(5th Cir. 1998).

When viewed in the light most favorable to Plaintiff, the Plaintiff's Complaint pleaded facts showing a right to relief under section 1681e(b) of the FCRA. The complaint alleges that Plaintiff was victim of a fraudulent business scheme involving the sale of nonperforming solar panels. Compl. ¶¶ 30-60. The Complaint alleges that Plaintiff signed no loan contract with any party that included any loan terms, such as interest rate, amounts and/or payments due, schedule of payments, and payment dates. Comp. ¶ 62. Plaintiff alleges that she was unaware that a credit account was opened under her name with GreenSky and that it was opened without her knowledge,

permission, and authorization, which was part of the fraudulent scheme. Compl. ¶ 67. The allegations thus support that no loan was originated.

Plaintiff also alleges that on September 18, 2017, she submitted disputes to GreenSky disputing that she owed any money on any account with GreenSky. Compl. ¶ 73. GreenSky then reported an unauthorized, interest-bearing account with a charge-off of $38,417.00 to Trans Union. Compl. ¶ 77. The Complaint also alleges that as a result of the charge-off on her credit, Plaintiff has experienced increased interest rates, higher monthly payments on her current credit, and she has delayed further use of her credit pending a resolution of the Account on her credit report, which is the sole negative account on her credit. Compl. ¶¶ 90-91. The Complaint alleges that, on or around January 2019, Plaintiff was denied an application for a credit card due to a "delinquent credit obligation" on her credit report. Compl. ¶ 93. Potter alleged that she has experienced severe emotional distress, which has brought on sleeplessness, depression, headaches, migraines, and stress, leaving her unable to fully cope with her everyday life. Compl. ¶ 94.

Plaintiff's Complaint raises a right to relief above speculation and provides fair notice of the grounds of Plaintiff's section 1681e(b) claim. The allegations that Trans Union entered inaccurate and fraudulent information on Plaintiff's credit, therefore causing her damages also give rise to the inference that Trans Union failed to use reasonable procedures in the preparation of her credit, and that failure was willful or negligent.

Defendant's Motion to Dismiss relies on allegations and documents outside the pleading to argue that Plaintiff's claims fail to allege an inaccuracy. Mot. to Dismiss at 5. Primarily, Defendant's Motion is based on a characterization of Plaintiff's dispute as a legal dispute, rather than a factual inaccuracy. *Id*. Defendant relies on non-binding circuit court cases that discuss how a credit reporting agency ("CRA") should not have to mediate disputes between consumers and

furnishers. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010); *DeAndrade v. Trans Union LLC*, 523 F.3d 61 (1st Cir. 2008). As Trans Union itself acknowledges, these were cases applying a summary judgment standard. Whether or not Plaintiff has a legal dispute with GreenSky is an issue of fact to be proven in discovery.

Trans Union also relies on external allegations to make this argument which is improper at this stage. Even entertaining these improper arguments that are based on the reasoning that a legal dispute cannot be resolved by a reinvestigation, *DeAndrade*, 523 F.3d 67, this case is distinguishable because the dispute was easily resolved by an investigation. The issue of whether Plaintiff has an unauthorized account with GreenSky was easy to resolve by a reinvestigation of proof of a retail installment contract assigned to GreenSky, which would have proven whether reporting the existence of the Account was inaccurate and unverifiable. 15 U.S.C. § 1681i. Thus Defendant's summary judgment cases involving legal disputes do not apply here.

Further, Defendant's representation that "Plaintiff does not dispute the underlying debt," Mot. to Dismiss at 6, is a flagrant misrepresentation of Plaintiff's allegations. Plaintiff in fact does dispute the validity of the underlying debt—that she has any account with GreenSky. Plaintiff in fact is disputing that there is an underlying debt. The allegations itself support that the unauthorized interest-bearing account for over $30,000 is itself inaccurate and disputed, as it was opened without her knowledge, permission, and/or authorization. Compl. ¶¶ 62, 67. Defendant omits to mention these relevant allegations. The allegations support that Trans Union's reporting that Plaintiff has or had an installment loan with GreekSky is inaccurate. Plaintiff is in fact "disputing that the underlying debt with GreenSky" is factual accurate. Mot. to Dismiss at 6.

Trans Union's failure to report the status of the account as in dispute was a second factual inaccuracy. A notice of a legal dispute was submitted to both GreenSky and Trans Union. If there

was a legal dispute, reporting the status of the account without notating the account as "in dispute," is misleading and patently false. At minimum GreenSky and Trans Union were obligated to report the dispute status of the Account from the inception of reporting. In addition Trans Union was obligated to investigate and verify this reporting.

Defendant's reliance on documents of Plaintiff's Dispute Letter (the "Letter") is outside the Complaint and is therefore improper. Mot. to Dismiss at 6-7. Even if Defendant's reliance on the Letter is proper, the documents notice Trans Union that the reporting was inaccurate. This triggered Trans Union's duty to ensure that further publishing of her report was with maximum accuracy. The outside allegations offered by Trans Union show that Plaintiff is in fact disputing the factual accuracy of the existence of any account with GreenSky, the factual accuracy of the validity of any account with GreenSky, the factual accuracy of the non-dispute, reported status of the Account. *Sepulvado,* 158 F.3d 895. These outside allegations provide information to support facts or reasonable inferences that that Trans Union was not reporting with maximum accuracy.

Trans Union next would require Plaintiff plead its exact policies and procedures it failed to follow in reporting its numerous inaccuracies. Mot. to Dismiss at 8. The allegations that Trans Union entered inaccurate and fraudulent information on her credit report and continued to do so even after her notice of a lengthy dispute give rise to the inference that Trans Union failed to use reasonable procedures in the preparing her credit report, and that that failure was willful or negligent. Trans Union's external allegations also support the inference that it has an unreasonable policy and procedure in characterizing disputes as "legal" so it does not have to investigate factual disputes on an account. But, even so, Plaintiff is not required to plead all the essential facts as to its prima facie case to avoid a dismissal pursuant to Rule 12(b)(6). All that is required is a fair

notice of the claim and the ground on which it rests. *Swierkiewicz v. Sorema* N.A., 534 U.S. 506 (2002). Plaintiff has clearly given fair notice substantiating her dispute.

Trans Union continues in its misrepresentations of the Complaint in arguing that Plaintiff failed to allege that an inaccurate credit report was provided to a third party and that she failed to allege damages caused by Trans Union. Mot. to Dismiss at 8. The Complaint in fact alleges this: that as a result of the charge-off on her credit for $38,417.00, she has experienced increased interest rates and higher monthly payments on her current credit cards due to her credit score, and that she has delayed further use of her credit pending a resolution of the Account on her credit. Compl. ¶¶ 90-91. She alleged that this was the sole negative mark on her credit. *Id.*

The Complaint alleges that the financially damaging experience arising from negative credit reporting based on just one sales call to her home has caused her severe emotional distress, sleeplessness, depression, headaches, migraines, and stress. Compl. ¶ 94. These allegations support the inference that her credit score, credit denials, and delayed credit opportunities are being depressed due to information on her Trans Union credit, and that she has been damaged. The Court should thus deny dismissal of Potter's § 1681e(b) claims.

### C. The Allegations Support that Defendant Conducted No Investigation into Whether the Information Reported Was Inaccurate and Unverifiable under § 1681i of the FCRA Because of an Unreasonable Reinvestigation Policy

The Court should also deny dismissal of Potter's 15 U.S.C. § 1681i claim. Under this section of the FCRA, a consumer reporting agency must conduct a reasonable investigation into any information that a consumer disputes and that the agency retains in her file. *Pinner v. Schmidt*, 805 F.2d 1258, 1262 (5th Cir. 1986). Specifically, if a consumer disputes the inaccuracy of any information on an account in her credit file, the agency must conduct an investigation into whether the disputed information is inaccurate or unverifiable. 15 U.S.C. § 1681 (1)(A). Within 30 days,

the agency must either record the current status of the disputed information or delete the information if it is inaccurate, incomplete, and unverifiable. *Id*. A negligent violation of the duty to conduct a reasonable investigation entitles a party to actual damages caused by the violation, court costs, and reasonable attorney's fees. 15 U.S.C. § 1681o. A willful violation subjects the agency to punitive damages as well. 15 U.S.C. 1681n(a).

As already discussed, Plaintiff has alleged sufficient facts to state a claim under § 1681i of the FCRA. After Plaintiff did not receive a response from GreenSky in May 2018, Plaintiff disputed the charge-off of $38,417.00 on her credit. Compl. ¶¶ 82-83. She provided as much information as possible to Trans Union to aid in its investigation. *Id.* Trans Union's reference to Plaintiff's Letter and the details of the letter even supports this allegation. Mot. to Dismiss at 6-7. Plaintiff alleges that, despite the Letter giving notice of the extensive history of her dispute on the Account dating back to May 2017, Trans Union continued to report the inaccurate information on her credit. Compl. ¶ 56.

Contrary to Defendant's assertion, these allegations, in consideration with other allegations of the Complaint, also support a willful violation of both of Plaintiff's § 1681e(b) and § 1681i claims. Mot. to Dismiss 10. Potter alleges on information and belief, that all Defendants in this action, including Trans Union, were aware of similar disputes involving similar complaints relating to the opening of unauthorized accounts from other consumers. Plaintiff further alleges that Trans Union did not even initiate an investigation into the accuracy of the status of the account, whether it was in dispute or not, despite notice of an extensive legal dispute.

The fact that Trans Union is also choosing to cast Plaintiff's dispute as a legal dispute rather than as a dispute as to the accuracy and verifiability of the account itself, also demonstrates Trans Union's willfulness and a continued refusal to comply with its duties. In fact, the external evidence

of the Letter that Plaintiff had a lengthy history and has gone as far as to take steps to retain a lawyer should have indicated to Trans Union that the furnished information was possibly unreliable. Therefore, Plaintiff's allegations support Defendant knew it had unreliable information and supports willfulness in failing to investigate Plaintiff's dispute and confirm that the information being reported was accurate or verifiable.

In *Williams v. Credit Protection Ass'n Trans Union, LLC*, the plaintiff, as here, alleged that due to "inaccurate, erroneous, and adverse information retained by Trans Union" about the plaintiff's credit worthiness, Plaintiff received notices denying him credit, refinancing, and opening a checking account. Case No. 09-CV-1146, 2009 WL 3719407 (N.D. Tex. Nov. 3, 2009). The Plaintiff in this action asserts the same allegations as in *Williams*. The plaintiff in *Williams* also alleged that as a result of Trans Union reporting the erroneous information, he continued to suffer damages including but not limited to, humiliation, embarrassment, and loss of opportunity. *Id.* The defendant, as here, moved to dismiss the complaint for failure to state an action under § 1681i and 1681e of the FCRA. In finding that the allegations give rise to the inference that Trans Union failed to use reasonable procedures and investigate the plaintiff's disputes, the court denied the motion to dismiss the plaintiff's § 1681i and 1681e claims. Plaintiff requests the Court rule the same here as it did in *Williams*.

Moreover, Defendant's Motion itself acknowledges that Trans Union improperly relies on summary judgment cases and standards in arguing for dismissal. Prior to discovery, specifically prior to discovering whether the furnisher here possesses a retail installment contract on the loan, Defendant is attempting to win a summary judgment at the motion to dismiss stage. Defendant omits and overlooks the detailed allegations that enumerate various factual inaccuracies, already outlined throughout this Response. The fact that Plaintiff has a legal dispute with the vendor or

with GreenSky here also does not translate into any inference that the validity of the Account was not being disputed. Plaintiff only has to claim that the account is inaccurate or unverifiable.

Potter attempted to prove and provide information to Trans Union to help it in its duty to investigate under the FCRA by supplying detailed information and exhibits in her Letter to Trans Union. Mot. to Dismiss at 6-7. The Letter is only central to Potter's allegation that she submitted a dispute to Trans Union, which the Letter in fact proves. Trans Union still would inappropriately have the Court consider the Letter as proof of some collateral attack on the underlying debt itself. Mot. to Dismiss at 5. Aside from the vagueness of the exact argument being made, and the fact that the Letter proves a dispute, any other consideration of Plaintiff's Letter is inappropriate at this stage. Whether Plaintiff's account with Trans Union is the subject of a legal dispute is an argument that would be more appropriately considered and ruled on at the summary judgment stage.

Trans Union attempts to amplify the pleadings standard and asks the Court to dismiss Plaintiff's Complaint on the basis that it lacks a high, detailed degree of specificity. Under Rule 8(a), a party need only set forth "a short and plain" statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). Further, in ruling on a motion to dismiss, the court is to liberally construe the complaint in favor of plaintiff. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). Potter is not required to plead all elements of a prima facie case to avoid a 12(b)(6) dismissal. All that is required is a fair notice of the claim and the ground on which it rests. *Swierkiewicz v. Sorema* N.A., 534 U.S. 506 (2002). Plaintiff's Complaint exceeds these standards. The allegations made by Plaintiff in her Complaint sufficiently state a claim for relief under sections 1681e(b) and 1681i of the FCRA.

## V.     CONCLUSION

Plaintiff requests the Court wholly deny Trans Union's Motion to Dismiss. In the alternative, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, should the Court grant Defendant's Motion to Dismiss, in whole or in part, Plaintiff requests leave to amend.


Respectfully Submitted,

Dated: September 24, 2019          By: /s/ Ramona V. Ladwig
                                       Ramona V. Ladwig
                                       State Bar No. 0048212
                                       **KAZEROUNI LAW GROUP, APC**
                                       1910 Pacific Ave, Suite 14155
                                       Dallas, TX 75201
                                       Phone: (214) 880-6362
                                       Fax: (800) 635-6425
                                       ramona@kazlg.com
                                       *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will electronically notify all counsel of record:

Michael Merar
mmerar@qslwm.com
State Bar No. 24103878
Quilling, Selander, Lownds, Winslett &
Moser, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
(214) 560-5440
(214) 871-2111 Fax
***Counsel for Defendant***
***Trans Union LLC***

Forrest Mathew Seger, III
Teo.seger@clarkhillstrasburger.com
Clark Hill Strasburger
2301 Broadway
San Antonio, TX 78512
(210) 250-6000
(210) 250-6100 Fax
and
Katherine McFarland Stein
kstein@kslaw.com
King and Spalding LLP
500 W 2nd St, Suite 1800
Austin, TS 78701
(512) 457-2020
***Counsel for Defendant***
***Equifax Information Serivces, LLC***

Sean W. Fleming
sfleming@macdonalddeving.com
Macdonald Devin
3800 Renaissance Tower
1201 Elm St
Dallas, TX 75270
(214) 744-3300
(214) 747-0942 Fax
***Counsel for Defendant***
***GreenSky, LLC***

Rebecca Wernicke Anthony
ranthony@jonesday.com
Jones Day
2727 N Harwood St
Dallas, TX 75201
(214) 969-4886
***Counsel for Defendant***
***Experian Information Solutions, Inc.***

By: /s/ Ramona V. Ladwig
        Ramona V. Ladwig