UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

STEPHANIE POTTER,

    Plaintiff,

v.                                                                     No. 5:19-cv-00581-JKP

GREENSKY, LLC, EQUIFAX
INFORMATION SERVICES, LLC,
TRANS UNION, LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,

    Defendants.

# ORDER

This matter is before the Court on *Defendant Trans Union LLC's Motion to Dismiss Plaintiff's First Amended Complaint* (ECF No. 28) to which Plaintiff filed a response (ECF No. 30) and Defendant replied (ECF No. 33). Upon consideration of Trans Union's motion and reply, Plaintiff's response, the relevant law, and the record herein, the Court denies Trans Union's motion.

**I. Background**

Plaintiff alleges Trans Union, LLC ("Trans Union") reported an account, debt, and charge-off by GreenSky on Plaintiff's credit report and, despite receiving notice the account was unauthorized, did not investigate, verify, or notate Plaintiff's dispute. *See* ECF No. 26 at 11-13 ¶¶ 76-89. Trans Union moves to dismiss Plaintiff's lawsuit arguing Plaintiff alleges a legal dispute with GreenSky rather than a violation of the Fair Credit Reporting Act by Trans Union. ECF No. 28 at 5. Trans Union submits this Court must dismiss Plaintiff's claims because Plaintiff failed to allege a factual inaccuracy on Plaintiff's credit report. *Id.* at 1.

**II. Legal Standard**

When presented with a motion to dismiss under Rule 12(b)(6), a court generally "must assess whether the complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face[.]" *United States v. Bollinger Shipyards Inc.*, 775 F.3d 255, 257 (5th Cir. 2014) (internal citations and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although a plaintiff's factual allegations need not establish the defendant is probably liable, they must establish more than a "sheer possibility" a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id*. at 679. Where a plaintiff's factual allegations do not provide enough information to "nudge a claim across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

In assessing a motion to dismiss under Rule 12(b)(6), the court's review is generally limited to the complaint and any documents attached to the motion to dismiss referred to in the complaint and central to the plaintiff's claims. *Tellabs Inc. v. Makor Issues & Rights Ltd.*, 551 U.S. 308, 322 (2007); *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). When reviewing the complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation marks omitted) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

**III. Discussion**

Trans Union contends Plaintiff's First Amended Complaint fails to state a claim under sections 1681e(b) and 1681i of the Fair Credit Reporting Act ("FCRA"). ECF No. 28 at 4, 9. Specifically, Trans Union argues Plaintiff (1) couched a "legal dispute regarding the validity of the debt" as a FCRA violation and (2) concedes the GreenSky debt was incurred.[1] *Id.* at 6. Plaintiff responds any account with GreenSky was unauthorized, Trans Union's report of any "installment loan with Gree[n]Sky is inaccurate," and had Trans Union investigated Plaintiff's dispute, it would have learned GreenSky's reporting "was inaccurate and unverifiable." ECF No. 30 at 11.

To plausibly allege a violation of section 1681e(b) Plaintiff must plead sufficient facts to show (1) Plaintiff's consumer report contained inaccurate information; (2) the inaccuracy was due to Trans Union's failure to follow reasonable procedures to assure maximum possible accuracy; (3) Plaintiff suffered a cognizable injury; and (4) causation linking Trans Union's failure to Plaintiff's injury. *Saunders v. Equifax Info. Servs. LLC*, No. 16-CV-00525-LY, 2017 WL 3940942, at *3 (W.D. Tex. Aug. 3, 2017), *aff'd sub nom. Ostiguy v. Equifax Info. Servs., L.L.C.*, 738 F. App'x 281 (5th Cir. 2018) (citing *Norman v. Experian Info. Sols., Inc.*, No. 3:12-CV-128-B, 2017 WL 3940942 (N.D. Tex. Apr. 25, 2013).

To plausibly allege a violation of section 1681i, Plaintiff must plead sufficient facts to show (1) her consumer credit report contained inaccurate information; (2) she disputed the accuracy of information on her credit file directly with Trans Union; (3) Trans Union did not reinvestigate free of charge and either record the current status of the disputed information or

---

[1] Trans Union contends the document attached to its motion to dismiss is proof Plaintiff's complaint is merely a legal dispute about an underlying debt. The document is not conclusive evidence and does not eliminate the plausibility of Plaintiff's claim.

delete the item from the file; (4) Trans Union's noncompliance was negligent or willful; (5) Plaintiff suffered injury; and (6) the injury was caused by Trans Union's failure to reinvestigate. *Id*. (quoting *Norman*, 2017 WL 3940942, *3) (quotation marks omitted).

Thus, the threshold question is whether Plaintiff alleged an inaccuracy on her credit report. *See Toliver v. Experian Information Solutions, Inc.*, 973 F. Supp. 2d 707, 715 (S.D. Tex. 2013) ("In order to establish a prima facie case under § 1681e(b), a consumer must produce some evidence of an inaccuracy in her credit report."). *See also Walters v. Certegy Check Servs., Inc.*, No. A-17-CV-1100-SS, 2018 WL 1278212, at *4 (W.D. Tex. Mar. 12, 2018) (in which the court "join[ed] other courts in concluding a plaintiff must first contend a consumer report contained inaccurate information to establish a claim under § 1681i for failure to conduct a reasonable investigation") (collecting cases). A credit report entry is "inaccurate" within the meaning the FCRA if (1) "it is patently incorrect" or (2) "is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998) (citing *Pinner v. Schmidt*, 805 F.2d 1258, 1262-63 (5th Cir. 1986) (finding section 1681 "imposes a duty of reasonable care in the preparation of a consumer report" and holding the defendant violated the FCRA where, notwithstanding the credit reporting agency's knowledge of the facts, it marked a credit entry "litigation pending" without specifying it was the plaintiff/obligor who had initiated suit against the creditor).

Viewed in the light most favorable to Plaintiff, Plaintiff alleges Trans Union included inaccurate information—an unauthorized account, debt, and subsequent charge-off she did not incur—in Plaintiff's consumer report. ECF No. 26 at 12-13 ¶¶ 82, 89. Plaintiff alleges the inaccuracy was due to Trans Union's failure to follow reasonable procedures to assure maximum possible accuracy of the consumer report such that Trans Union was on notice due to "several

similar consumer disputes involving similar claims of unauthorized accounts opened by GreenSky," *Id*. at 13 ¶ 84, and because Plaintiff notified Trans Union the report is disputed. *Id*. at 12 ¶ 82. Plaintiff alleges Trans Union's failure to verify the accuracy of the information it reported damaged her in the form of decreased credit score, increased percentage rates and monthly payments, and denial of credit application. *Id*. at 13-14 ¶ 90, 92. Plaintiff alleges and Trans Union does not dispute Trans Union did nothing to verify the accuracy of the information submitted by GreenSky nor did Trans Union reinvestigate after being notified by Plaintiff the information provided by GreenSky is disputed. *Id*. at 12-13 ¶¶ 82, 85.

Accordingly, the Court DENIES Defendant Trans Union LLC's Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 28). The Court further DENIES Trans Union's Motion to Dismiss Plaintiff's Complaint (ECF No. 22) as MOOT.

It is so ORDERED.

SIGNED this 18th day of October 2019.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE